United States District Court
Southern District of Texas

**ENTERED**

April 11, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARMANDO AZIM WILLIAMS,           §
SPN # 03123608,                  §
                                 §
            *Plaintiff,*          §
                                 §
v.                               §          Civil Action No. H-24-0755
                                 §
HARRIS COUNTY JAIL,              §
                                 §
            *Defendant.*          §

## MEMORANDUM OPINION AND ORDER

Plaintiff is a pretrial detainee in custody of the Harris County Sheriff's Office pending disposition of capital murder charges. He filed this *pro se* civil complaint under 42 U.S.C. § 1983 against the Harris County Jail. Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis*.

In pleading his claims against the sole defendant, the Harris County Jail, plaintiff states as follows: "Case # 1750702, a monkey looked at me. Police pointed a gun at me. Police hit me on the head with the gun. Police were at the arrest location before I arrived at the location of arrest." (Docket Entry No. 1, p. 4.)

The Harris County Jail is operated by the Harris County Sheriff's Office. As a subdivision of Harris County, Texas, however, neither the Harris County Sheriff's Office nor the Harris County Jail have the legal capacity to be sued as required by Federal Rule of Civil Procedure 17(b). *See Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir.

2006) (upholding dismissal of claims against the Harris County Sheriff's Office on the grounds that, as a *non sui juris* division of Harris County, it lacked the capacity to be sued). Therefore, plaintiff may not pursue his claims against the Harris County Jail or the Harris County Sheriff's Office because these entities lack the requisite legal capacity, and his claims against the Harris County Jail are **DISMISSED WITHOUT PREJUDICE**. Even assuming the Harris County Jail were a proper defendant, plaintiff pleads no factual allegations raising a viable claim for relief against it.

For these reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b)(1) for failure to raise a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's second strike. *See Williams v. State of Texas*, C.A. No. 23-cv-1776 (S.D. Tex. Sept. 30, 2023) (dismissing plaintiff's complaint for failure to state a viable claim for relief under section 1983.)

Signed at Houston, Texas, on this the ___9___ day of April, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2